A. T. NEWELL REALTY COMPANY, C/O LEO J. GALLINA & D. W. DALY, TRUSTEES AND TRANSFEREES, PETITIONER V. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT LEO J. GALLINA & D. W DALY, TRUSTEES FOR THE STOCKHOLDERS OF A. T. NEWELL REALTY COMPANY, TRANSFEREES, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
A. T. NEWELL REALTY CO. v. COMMISSIONER
Docket Nos. 2566-68, 2565-68.
United States Tax Court
56 T.C. 130; 1969 U.S. Tax Ct. LEXIS 34; October 30, 1969, Filed *34 Held: That the filing of the declaration of taking and offer to pay compensation by the Urban Redevelopment Authority of Bradford, Pa., resulted in a sale of petitioner's property under the Eminent Domain Code of Pennsylvania (Pa. Stat. Ann., tit. 26, sec. 1-101 et seq.) which preceded adoption of the plan of liquidation. In determining the effective date of such sale, for purposes of applying sec. 337 (a) of the Internal Revenue Code, it is immaterial that the taxpayer kept its books and filed its tax returns on a cash basis of accounting. Accordingly, taxpayer did not qualify for the nonrecognition of gain under sec. 337 (a) of the Code. R. K. Conrad, for the petitioners. D. Alden Newland, for the respondent. QUEALY
*130 QUEALY, Judge: The respondent determined a deficiency in income tax for the A. T. Newell Realty Co. (a Pennsylvania corporation) for the year ended December 31, 1965, in the amount of $32,672.23. Notices of deficiency were addressed to the corporation in care of Leo J. Gallina and D. W. Daly, trustees for the stockholders and to the trustees on behalf of the stockholders as transferees. Leo J. Gallina and D. W. Daly have stipulated that they are liable as transferees for any deficiency in income taxes determined to be due from the A. T. Newell Realty Co. *131 The only issue involved is whether in computing its taxable income gain on the sale of certain property by the corporation should not be recognized under section 337 (a) of the Internal Revenue Code. The facts have been stipulated and are incorporated herein by this reference. FINDINGS *36 OF FACT A. T. Newell Realty Co. (hereinafter referred to as the corporation) is a Pennsylvania corporation incorporated on January 4, 1924. Until its liquidation it was engaged in the business of owning and operating real property situated in or near Bradford, Pa. It filed a U.S. Corporation Income Tax Return (Form 1120) for the taxable year 1965 on March 1, 1966, with the district director of internal revenue, Pittsburgh, Pa. In its return for the taxable year 1965, and in prior years, the corporation used the cash method of accounting. On May 4, 1965, the Urban Redevelopment Authority (hereinafter referred to as the Authority) for the City of Bradford, Pa., served upon the corporation a proper notice of the taking by condemnation of certain property of the petitioner in the city of Bradford under authority of the "Urban Redevelopment Law" of Pennsylvania, Act of May 24, 1945, Pub. L. 991, sec. 12, Pa. Stat. Ann., tit. 35, sec. 1712. Simultaneously, the Authority filed a required declaration of taking with the Court of Common Pleas of McKean County with respect to said property.
In addition, by letter dated May 7, 1965, the Authority reaffirmed the acquisition of the property *37 by eminent domain and offered the sum of $160,000 as compensation. There was enclosed with said letter a form of "Offer and Agreement for the Sale of Land." In the event that corporation determined the offer was deemed to be insufficient, the Authority invited the representatives of the corporation to discuss the matter. Neither the corporation, its shareholders, nor anyone acting on their behalf filed preliminary objections to the condemnation proceedings pursuant to section 1-406 of the Eminent Domain Code of Pennsylvania, Pa. Stat. Ann., tit. 26, sec. 1-406 (Supp. 1969). On August 1, 1965, the corporation engaged counsel to conduct negotiations with the Authority. Presumably as a result of such negotiations, the Authority agreed to pay the sum of $175,000 for the corporation's property. By notice dated August 6, 1965, a meeting of the stockholders of the corporation was called to be held on August 21, 1965, in order to consider that offer. In setting forth the purposes of the meeting, the notice included the following: To consider the offer of the Urban Redevelopment Authority of the City of Bradford, Pa. in the amount of One Hundred Seventy-five Thousand ($175,000.00) *38 Dollars as consideration for the corporation's properties located on Main and *132 Webster Streets in the City of Bradford which have been condemned by the Urban Redevelopment Authority as of May 4, 1965. [Emphasis added.] At the meeting of the stockholders held on August 21, 1965, the proposed sale of the property to the Authority was approved and the stockholders voted to liquidate and dissolve the corporation. Leo J. Gallina and D. W. Daly were appointed trustees for the purpose of liquidating the assets and winding up the business of the corporation. On September 14, 1965, there was executed and delivered on behalf of the corporation a deed transferring the property in question to the Authority. This deed was recorded on September 27, 1965. Simultaneously, Leo J. Gallina and D. W. Daly, as trustees for the stockholders, received payment of compensation for the property in the amount of $174,607.63, being the agreed sum of $175,000 less the proration of local property taxes. On behalf of the corporation the trustees duly filed a notice of adoption of the resolution or plan of liquidation (Form 966) and said liquidation was completed within 1 year after the adoption *39 of the resolution. OPINION Petitioners contend that the gain on the sale of its property to the Authority is not recognizable for tax purposes because the sale occurred within the 12-month period beginning with the adoption of a plan of liquidation under section 337 (a) of the Internal Revenue Code. That section provides: SEC. 337. GAIN OR LOSS ON SALES OR EXCHANGES IN CONNECTION WITH CERTAIN LIQUIDATIONS. (a) GENERAL RULE. - If - (1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and (2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period. The principal question involved in this case is whether as a matter of law the sale of the property in question occurred within such 12-month period. This question depends upon whether the filing of the declaration of taking by the Authority on May 4, 1965, in light of the letter which followed on May 7, 1965, resulted in a "sale" *40 of the property within the meaning of section 337 (a) prior to the adoption of the plan of liquidation. The Authority initiated proceedings for the acquisition of petitioner's property on May 4, 1965, by serving the notice of taking on *133 the petitioner and filing the required declaration with the Court of Common Pleas. This action was followed up by letter dated May 7, 1965, offering to pay the sum of $160,000 as compensation. This procedure complied in all material respects with the Pennsylvania Eminent Domain Code (Pa. Stat. Ann., tit. 26, sec. 1-101, et seq.). Section 1-402 of that law states that once the declaration of taking has been filed "the title which the condemnor acquires in the property condemned shall pass to the condemnor on the date of such filing." Section 1-407, to which the prior section refers for the rules in regard to possession, further provides that after filing the declaration of taking, the condemnor "shall be entitled to possession or right of entry upon * * * a written offer to pay to the condemnee, the amount of just compensation as estimated by the condemnor." Under this procedure, once the Authority properly filed a notice of condemnation *41 and offered to pay just compensation, all right, title, and interest in the property, including the right to possession, became vested in the Authority. After May 7, 1965, the date of the offer by the Authority to pay compensation, all that the petitioner had was a right or claim to damages.
The respondent accordingly argues that the "sale" of petitioner's property within the meaning of section 337 (a) occurred at that time and preceded adoption of the plan of liquidation. The respondent relied on Rev. Rul. 59-108, 1959-1 C.B. 72, and cited several cases which have sustained that ruling. 44 West 3d Street Corporation, 39 T.C. 809, 811 (1963), affirmed sub nom. Wendel v. Commissioner, 326 F. 2d 600, 602 (C.A. 2, 1964); Covered Wagon, Inc. v. Commissioner, 369 F. 2d 629, 635 (C.A. 8, 1966), affirming a Memorandum Opinion of this Court. In the cases cited the taxpayer argued that a plan of liquidation under section 337 (a), adopted after the filing of the notice of condemnation of the property but prior to the receipt of compensation or payment, was timely. *42 In rejecting this argument, the court held that a valid condemnation action, which vested title in the condemnor, resulted in a "sale" of the property under section 337 (a) as of the date that the condemnor took title to the property. In affirming the Tax Court, the U.S. Court of Appeals in Covered Wagon, Inc. v. Commissioner, supra, thus stated the rule to be: Our consideration of the applicable law in this area compels our conclusion that the Tax Court was correct in its decision that the "sale" of the corporation's real property, by condemnation, occurred at the time the declaration of taking was filed in court and a deposit made therein to cover estimated compensation for the acquired property, that is, at the time title to the property vested in the United States, under the Federal Declaration of Taking Act, supra. As heretofore stated, this occurred on July 6, 1956, whereas, the corporation's shareholders did not adopt a plan of complete liquidation until January 2, 1957, nearly six months thereafter. Consequently, we hold that the "sale" here in question is outside the purview of section 337 (a), supra, and the gain realized *134 therefrom *43 does not qualify for non-recognition treatment under the statute * * * The facts before us are not distinguishable from the Covered Wagon case. By its actions, the Authority had fully complied with the requirements of the Eminent Domain Code to acquire both title and the right to possession of petitioner's property not later than May 7, 1965. Under the rule in the cases cited, the "sale" of the property preceded adoption of the plan of liquidation and the transaction did not qualify for nonrecognition of gain under section 337 (a) of the Code. Petitioners argue that a different rule should apply where the taxpayer keeps its books of accounts and files its income tax returns on a cash basis of accounting. Petitioners would treat the date of the sale or exchange by a cash basis taxpayer as being the date on which such taxpayer would have been required to reflect in income gain or loss from the transaction. To so hold would be to substitute for the clear and concise terms of the statute, a test based upon the manner in which the taxpayer keeps its books, a circumstance wholly unrelated to timing the sale itself. It cannot be argued that a vendor who transfers ownership and possession *44 of property to a vendee has not made a "sale" at that time notwithstanding that on a cash basis of accounting the vendor may not be required to reflect his gain in income until a later year. In this respect, a condemnation proceeding differs from an involuntary conversion resulting from a fire or other casualty. No transfer of title, ownership, or possession takes place at the time of the casualty. The case of United States v. Morton, 387 F. 2d 441, affirming in part 258 F. Supp. 922 (W.D. Mo. 1966), is not in point. While petitioners also argue that the condemnation proceedings were defective or de facto abandoned or rescinded, we find no basis to support that argument. The corporation did not challenge the right of the Authority to take the property under condemnation proceedings. No objection was raised to the form of those proceedings. In fact, acceptance of the condemnation was clearly indicated in the notice to the stockholders, whereupon the business to be considered at the meeting of August 21, 1965, included the offer of the Authority "for the corporation's properties * * * which have been condemned by the Urban *45 Redevelopment Authority as of May 4, 1965." The settlement of the Authority's liability for compensation by agreement of the parties did not serve to postpone or defer the legal effect of the taking itself. That agreement must necessarily relate back to the original notice of taking which was never rescinded. For the reasons stated, we are constrained to conclude that there was a valid condemnation of the property of the corporation prior to adoption of any plan of liquidation within the meaning of section 337 (a) and that any gain on such sale is taxable to the corporation. Decision will be entered for the respondent.